**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                                                                   **PLAINTIFF**

**V.                              NO. 3:08CV00116 JMM**

**JOHN K. HUTCHISON, Individually and as Partner of
EM-AL-AN FARMS PARTNERSHIP and as President of
HUTCH FARMS MAGIC, INC. and KAREN S.
HUTCHISON, Individually and as Partner of EM-AL-AN
FARMS PARTNERSHIP, THE FIRST NATIONAL BANK
OF WYNNE, ARKANSAS, Formerly The Bank of Harrisburg,
Now Known as First National Bank of Harrisburg; and
CARTER-COX SEEDS, INC. (aka C&C SEEDS, INC.)**                             **DEFENDANTS**

## JUDGMENT

Pending before the Court is the application of the plaintiff, United States of America, for default judgment together with an Affidavit showing that the defendants, John K. Hutchison and Karen S. Hutchison, are not infants, incompetent persons, and are not in the military service of the United States. Defendants John K. Hutchison and Karen S. Hutchison have not filed an Answer and have failed to appear herein or otherwise make any defense to the plaintiff's Complaint and are wholly in default. The defendant, The First National Bank of Wynne, Arkansas, formerly The Bank of Harrisburg, Now Known as First National Bank of Harrisburg, filed an answer dated August 19, 2008; however, after the indebtedness was satisfied, withdrew its Answer and waived notification of any further notices. The defendant, Carter-Cox Seeds, Inc. (aka C&C Seeds, Inc.) was served and has not filed an Answer in this proceeding.

**IT IS THEREFORE, ORDERED, DECREED AND ADJUDGED:**

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. The obligations due and required under the promissory notes and mortgages executed by John K. Hutchison and Karen S. Hutchison are delinquent. There is now due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, the principal sum of $93,196.71, and interest in the sum of $1,153.48, accrued to May 30, 2008, and thereafter at the daily rate of $8.2983 per day to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, and the costs of this action. Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment *in rem* against the property described herein for the above-mentioned sums. No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by a mortgage recorded in the records of the Circuit Clerk and Recorder for Poinsett County, Arkansas, recorded July 9, 2003, as Instrument No. 03-2927 and a mortgage recorded in the records of Poinsett County, Arkansas, recorded August 8, 2005, as Instrument No. 05-2901. Plaintiff's mortgages constitute a first lien, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants, and all persons claiming by or through them, in and to the following described property in Poinsett County, Arkansas:

>Part of the Northwest Quarter of the Northeast Quarter of Section 29, Township 11 North, Range 3 East, more particularly described as follows: Commence at the Northeast Corner of the NE ¼ of said Section 29 and run thence South 89 degrees 45 minutes West along the Section line 2079.7 feet to the point of beginning proper; thence continue South 89 degrees 45 minutes West along said Section line 549.74 feet to a point on the Quarter Section line; thence South along said Quarter Section line 1320.0 feet; thence North 89 degrees 45 minutes East 666.37 feet; thence North 06 degrees 18 minutes West 295.6 feet; thence North 30 degrees 03 minutes West 383.2 feet; thence South 67 degrees 17 minutes West 216.9 Feet; thence North 21 degrees 30 minutes East 836.0 feet to the point of beginning proper.

together with all improvements and appurtenances thereon.

  4. If the above-described indebtedness due Plaintiff United States of America is not paid within ten (10) days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of thirty (30) days, at the South door of the Poinsett County Courthouse, Harrisburg, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a ten percent (10%) cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of ten percent (10%) per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The ten percent (10%) cash down payment shall be forfeited in the event of failure to pay for the property within thirty (30) days, in which event the Marshal shall resell

the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of ten percent (10%) per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.

5. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

6. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

7. The defendants, John K. Hutchison and Karen S. Hutchison, have been properly served with the Complaint and Summons, and have not filed an Answer and are in default.

8. The defendant, The First National Bank of Wynne, Arkansas, formerly The Bank of Harrisburg, Now Known as First National Bank of Harrisburg, filed an Answer dated August 19, 2008; however, after the indebtedness was satisfied, withdrew its Answer and waived notification of any further notices. Any lien or interest held or claimed by this defendant is subordinate and inferior to the Plaintiff's mortgages and is hereby foreclosed.

9. The defendant, Carter-Cox Seeds, Inc. (aka C&C Seeds, Inc.) has not filed an Answer in this proceeding. Any lien or interest held or claimed by this defendant is subordinate and inferior to the Plaintiff's mortgages and is hereby foreclosed.

10. The sale proceeds, after expenses of sale, shall be paid to the Plaintiff United States of America to the extent of the indebtedness owed to the United States of America, U.S. Department of Agriculture, Farm Service Agency, and then to Carter-Cox Seeds, Inc. (aka C&C Seeds, Inc.). Any surplus shall be retained by the U.S. Marshal subject to further orders of the Court.

11. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

**DATED** this 23rd day of October, 2008.

_____
Honorable James M. Moody
UNITED STATES DISTRICT JUDGE